**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1550
_____

In re:  DOMINICK GALLUZZO, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2-18-cv-13435)
District Judge:  Honorable Esther Salas

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

October 14, 2022
Before: RESTREPO, RENDELL, and FUENTES, <u>Circuit Judges</u>

(Opinion filed: October 18, 2022)
_____

OPINION[*]
_____

**PER CURIAM**

Dominick Galluzzo, proceeding pro se, appeals an order of the United States

District Court for the District of New Jersey affirming an order of the United States

Bankruptcy Court for the District of New Jersey.  For the reasons that follow, we will

affirm the judgment of the District Court.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

The history of the bankruptcy proceeding and related litigation are set forth in detail in the Bankruptcy Court's decision. Briefly, Galluzzo filed a Chapter 11 bankruptcy petition in 2006. The Internal Revenue Service filed a proof of claim. Galluzzo filed an adversary proceeding to fix the extent, validity, and priority of liens of the IRS and other creditors on certain real property. The matter was settled. In 2008, the Bankruptcy Court issued a Stipulation and Order, which addressed the payment of the IRS's and other creditors' secured claims. Shortly thereafter, the Bankruptcy Court issued a confirmation order approving Galluzzo's Chapter 11 plan. The order stated that the IRS's secured claim would be treated as set forth in the Stipulation and Order, with the liens to be paid within six years of the date of the tax assessment, or by November 2011. The Bankruptcy Court granted a discharge and closed the case in 2010.

In 2012, Galluzzo petitioned the United States Tax Court to redetermine the tax deficiency.[1] The Tax Court dismissed the petition because the Commissioner of Internal Revenue did not prove that he had issued a notice of deficiency, which was a prerequisite to its jurisdiction. The Tax Court noted that under normal circumstances tax deficiencies may not be assessed unless a valid notice is issued.

---

constitute binding precedent.

[1] Before filing suit in the Tax Court, Galluzzo had filed a District Court action challenging his tax liability and claiming that the IRS failed to provide a notice of deficiency. The District Court dismissed the complaint for lack of jurisdiction, finding that Galluzzo could pursue relief in the Tax Court. See D.N.J. Civ. No. 11-cv-01607.

The Commissioner appealed, and argued that the Tax Court should not have addressed whether a notice was issued because the Bankruptcy Court's orders were res judicata as to Galluzzo's tax liability. We held that the Tax Court did not err in determining facts relevant to its own jurisdiction. In so holding, we noted the "unusual dimensions" of the Tax Court's decision and stated that Galluzzo had "used the Tax Court's lack of jurisdiction to obtain, at least in the Tax Court, a favorable judgment, essentially on the merits." Galluzzo v. Comm'r of Internal Revenue, 564 F. App'x 656, 660 (3d Cir. 2014). Galluzzo then filed, without success, a District Court action seeking to require the IRS to release its liens on his property.[2]

In 2016, the Government filed motions to reopen Galluzzo's bankruptcy case and to enforce the Chapter 11 plan and confirmation order. The Bankruptcy Court granted both motions. In an extensive opinion, the Bankruptcy Court rejected Galluzzo's argument, through counsel, that it lacked jurisdiction over the IRS's claim. It ruled that the Stipulation and Order and confirmation order were res judicata as to that claim. The Bankruptcy Court noted that Galluzzo could not "take all the benefits of a confirmed Chapter 11 plan and then discard the burdens." In re Galluzzo, No. 06-15392, 2018 WL 4191476, *16 (D.N.J. Bankr. Ct. Aug. 15, 2018).

---

[2] This case was also dismissed for lack of jurisdiction. See D.N.J. Civ. No. 15-cv-02201. Galluzzo's wife was a party to both District Court actions and the Tax Court action. The IRS, however, has apparently released its liens as to his wife.

On appeal to the District Court, Galluzzo argued that the Bankruptcy Court erred by failing to sua sponte reconsider the IRS's claim pursuant to 11 U.S.C. § 502(j). He argued that the IRS no longer had the right to assess or collect the tax. He also asserted that the parties made a mutual mistake in believing that the tax had been properly assessed when they entered into the Stipulation and Order.

The District Court ruled that the Bankruptcy Court did not abuse its discretion by not reconsidering the IRS's claim sua sponte. It stated that the Bankruptcy Court had rejected Galluzzo's argument that relief was due under Federal Rule of Civil Procedure 60(b) and that the same standard applied to a § 502(j) motion. The District Court also explained that Galluzzo had shown no error in the Bankruptcy Court conclusions that the IRS's claim was enforceable and that the equities did not warrant relief. And it ruled that Galluzzo had waived, among other arguments, his contention that the Stipulation and Order was based on a mutual mistake. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We exercise the same standard of review as the District Court, which reviews the Bankruptcy Court's legal rulings de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof. See In re United Healthcare Sys., Inc., 396 F.3d 247, 249 (3d Cir. 2005).

Galluzzo does not pursue his argument that the Bankruptcy Court erred by not reconsidering the IRS's claim sua sponte. He contends that the District Court erred by relying on "cited cases and statement's[sic] made by the IRS and [the Bankruptcy Judge]

4

instead of investigating the fact's [sic]." Informal Brief at 6. Galluzzo has not adequately developed his argument in his brief. We agree with the IRS to the extent it contends that he has forfeited this argument. Barna v. Bd. of Sch. Dir. of Panther Valley Sch. Dist., 877 F.3d 136, 145-47 (3d Cir. 2017).[3]

Even if we were to treat certain assertions by Galluzzo as claims of District Court error, he has not shown that relief is due. Galluzzo states that the IRS cited two cases below that are not similar to his case. The District Court relied on one of these cases – Brielle Associates v. Graziano, 685 F.2d 109 (3d Cir. 1982) – to support the Bankruptcy Court's authority to reconsider the IRS's claim. Galluzzo too advanced this principle. In addition, Galluzzo asserts that he never had an agreement with the IRS. However, he argued below that the parties entered into the Stipulation and Order, but that it was based on a mistaken belief about the validity of the IRS's claim.[4]

Galluzzo also contends that our prior decision is dispositive here. We disagree. As the Bankruptcy Court stated, we did not decide whether the confirmation order was res judicata as to Galluzzo's tax liability. We considered whether the Tax Court erred in

---

[3] Galluzzo states in his reply brief that he misunderstood questions five and six of the form Informal Brief. We rely on his brief as a whole, not his responses to these questions, in concluding that he forfeited his argument.

[4] Insofar as Galluzzo takes issue with the Bankruptcy Court's discussion of a $200,000 reduction of the IRS's claim, this issue was not raised in the District Court and is forfeited. See Barna, 877 F.3d at 146; In re Tribune Media Co., 902 F.3d 384, 397 (3d Cir. 2018).

5

addressing whether the notices of deficiency were issued for purposes of determining its subject matter jurisdiction.  Galluzzo has shown no error in this regard.

Accordingly, we will affirm the judgment of the District Court.  Galluzzo's request for oral argument is denied.